UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COREY M. JONES,

    Applicant,

v.                                                     CASE NO. 8:24-cv-2637-SDM-NHA

SECRETARY, Department of Corrections,

    Respondent.
_____/

**ORDER**

    Jones applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1), but he neither paid the $5.00 filing fee nor requested leave to proceed i*n forma pauperis*. Local Rules 6.03 and 6.04 direct that the action is subject to dismissal if the fee is not paid or if a motion for leave to proceed *in forma pauperis* is not filed. Although prepared on the required form, the application is insufficient under Section 2254. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court . . . ."

    Jones represents that criminal proceedings are ongoing in state court and states that he files this action to "challenge a state judgment imposed o[n] a sentence to be se[r]ved for the future." (Doc. 1 at 9) This action is premature under Section 2254

because an applicant cannot challenge the validity of a state court conviction unless confined based on the challenged conviction:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). Instead, Jones must proceed with an application under Section 2241 to challenge his pre-trial detention. The district court will not construe the present application as seeking relief under Section 2241 because the only alleged grounds for relief, although not clearly stated, might challenge Jones's present conditions of confinement — not the constitutionality of his detention. Jones must proceed with a civil rights action under 42 U.S.C. § 1983 to challenge a condition of confinement.*

The application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Jones and **CLOSE** this case. The clerk must send to Jones the required form for applying for the writ of habeas corpus under Section 2241.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Jones is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no entitlement to appeal a district court's denial of his

---

* Section 1915(g) bars Jones from proceeding *in forma pauperis* in an action under Section 1983. See cases collected in *Jones v. NAACP*, 8:24-cv-1408-SDM-AEP.

application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Jones must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Jones fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Jones is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Jones must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on December 23, 2024.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE